Abraham J. Gellihoff, J.
Petitioner Chemical Bank New York Trust Company moves for judicial settlement of the intermediate account of a trust. In 1958 one Dorothy P. Devine, as settlor, set up the trust, retaining a life interest subject to her power to revoke. On her death the trust was to continue for the benefit of each of her surviving children, until each attained the age of 21 years, whereupon the principal was to be paid such child absolutely. On January 9, 1961, the settlor died a resident of New Mexico, leaving two minor children who reside there with their guardians appointed by the courts in New Mexico. One H. J. Guthmann, an attorney, was appointed administrator of her estate by the court in New Mexico. He has filed objections to the account, claiming the estate in New Mexico is insolvent, and that by virtue of the laws of New Mexico the trust fund should pay (1) administrator’s and attorney’s fees based on the combined total of the trust estate and the probate estate rather than on the probate estate alone; (2) the administration costs, expenses of last illness, and debts of the decedent; and (3) the New Mexico succession tax and Federal estate tax on the combined estates rather than only on the portion of the tax which the trust bears to the gross estate.
A guardian ad litem was appointed by this court who has submitted his report in which he recommends that the petitioner’s position be sustained and that the objections be overruled.
The trustee herein is a new York corporation with its place of business in this State, the corpus of the estate is in New York, and there is no indication that the parties intended the law of any other jurisdiction to apply. Accordingly, this is a New York trust, and its validity and the administration thereof will be determined by the application of the law of New York (Hutchinson v. Ross, 262 N. Y. 381; Shipman v. Title Guar. & Trust Co., 20 N. Y. S. 2d 508).
The objections raised with respect to the payment of administrator’s commissions and attorney’s fee are without substance. Section ?85 of the New York Surrogates’ Court Act allows commissions for receiving and paying out sums of money. As the assets of the trust were never in his possession, the administrator is not entitled to commissions based on the trust fund, nor is he entitled to attorney’s fees, having performed no legal services with relation to the trust fund.
*819 With regard to the debts of the decedent, expenses for her last illness and the administration expenses, payment should he denied because (1) the claims are not those of the administrator but claims presented on behalf of others, and (2) no proper basis was presented for payment thereof. The net value of the estate is nowhere shown, nor are the individual claims and the identity of the claimants disclosed. These are charges on the probate estate and should be paid from it in the proportion that they bear to the net assets available.
The trustee should not pay the entire succession tax and Federal estate tax. The probate estate is chargeable with its share of these taxes and the trust fund should only pay its apportionable share.
The application for approval of the intermediate account is granted. The fee of the special guardian will be fixed in the order to he submitted herein.